

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

November 5, 1964

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. (C-346)

Re: Whether under stated facts
a "lessor" of motor vehi-
cles propelled with special
fuels which are leased to
and operated entirely by the
"lessee" or his drivers in
interstate commerce may be
construed to be the "user"
of the special fuels de-
livered to such vehicles or
imported in the fuel supply
tanks of the motor vehicles
and consumed on the Texas
highways.

Dear Mr. Calvert:

We quote the following excerpts from your letter requesting
the opinion of this office on the above captioned matter:

"A number of truck leasing companies are engaged
in the business of leasing commercial trucks and trailers
owned by said companies to carriers for use in interstate
commerce. The truck owner or 'lessor' enters into con-
tract with the 'lessee' under which said lessor agrees to
furnish everything necessary to the proper operation and
maintenance of the vehicles including the special fuels
consumed in the operation of said motor vehicles. Under
the agreement the lessor delivers the fuel to the vehi-
cles from various bulk storages maintained by said lessor
whenever possible and agrees to reimburse the lessee for
the cost of any special fuels necessary for the lessee to
purchase elsewhere.

"The lessors of such vehicles urge that the furnishing of special fuels from lessor's storage to leased vehicles owned by the lessor or reimbursement to the lessee for the cost of fuel purchased elsewhere qualifies the lessor as user of the fuel as the term 'user' is defined and that said lessors should be authorized to furnish bond and secure user-import permits to report and pay taxes accruing on special fuels used in such leased vehicles and to claim refund of the tax paid on special fuels purchased in Texas and used in such vehicles in other States. In fact, some of the lessors acting under the above impression have filed applications and secured user-import permits under which they have filed refund claims for tax paid special fuels used in such leased vehicles in other States.

"For ready reference, it appears that it will be necessary to examine the following provisions of the special fuels tax law - Chapter 10, Title 122A, Taxation-General:

'Article 10.03(1) imposes the tax upon the use of special fuels for the propulsion of motor vehicles upon the public highways of this State.

'Article 10.03(3) requires the supplier to collect the tax on all special fuels delivered to non-bonded users - (who are classified by Article 10.11 (1) as persons who purchase special fuels predominantly for delivery into fuel supply tanks of motor vehicles owned or operated by said user.)

'Article 10.03(5) requires every user to report and pay taxes to the State on all special fuels imported in fuel supply tanks or motor vehicles owned or operated by said users (who are classified as bonded user-importers by Article 10.11(1).)

'Article 10.02(8) defines 'user' as follows:

"(8) 'User' means and includes every person who delivers any special fuels into the fuel supply tanks of motor vehicles owned or operated by him. 'User' also means any person who imports special fuels into this State in the fuel supply tanks of motor vehicles owned or operated by him."

'Article 10.07. Tax Liability on Leased Motor Vehicles. "Any user who as lessee, in furtherance of his business, enters into a lease or contract or other arrangement with another person for the operation of a motor vehicle, the operation of which will create a liability for the tax herein imposed, shall be deem to be the operator of said motor vehicle and shall report and pay the tax accruing by reason of the use under such lease or contract. This provision shall not be construed as relieving any lessor or person acting as a user from the payment of the tax herein imposed in cases where the lessee is not qualified as a licensed and bonded user as required herein. Nothing herein shall be construed as requiring the filing of more than one (1) report covering a given special fuel use operation or as requiring the payment of the tax herein imposed more than once on the same special fuels." (Note: See Comptroller Rule and Regulation No. VII, in reference to Article 10.07 attached.)

'Article 10.08. Optional Computation of Tax. "In the event the tax herein imposed on special fuels imported into this State in the fuel supply tanks of motor vehicles. . .can be more accurately determined on a mileage basis (that is by determining and using the total number of miles traveled and the total gallons of fuel consumed), or in case it is more practicable to so determine the tax, the Comptroller is hereby authorized to approve and adopt such basis." (Note: the mileage basis-

average miles per gallons - was necessarily
adopted as the most accurate method of computing
the tax due or refundable on special fuels used
in interstate vehicular travel).

'Article 10.14 provides that, ". . .any
licensed user who shall have paid said tax
upon any fuel which has been used by such user
for any purpose other than propelling a motor
vehicle upon the public highways, may file
claim for a refund of the tax or taxes so
paid. . . ."

'. . .'

"The Comptroller's interpretation of the law under
discussion is set out in Rule and Regulation No. VII,
attached hereto.  The ruling did not  take into con-
sideration the claims now advanced by the lessors that
they would deliver most of the special fuels consumed
in said leased vehicles from their own storage facilities
or would contract with retail dealers to make such de-
liveries for the lessor's account into the fuel supply
tanks of the leased motor vehicles which are owned by
said lessors - though operated by the lessees.

". . ."

Ruling No. VII is headed as follows:

"Construing the Law as it applies to:

TAX LIABILITY OF A LESSEE ON
SPECIAL FUELS IMPORTED AND USED ON
THE HIGHWAY IN LEASED MOTOR VEHICLES."

This ruling was adopted September 1, 1961 and filed with
the Secretary of State November 15, 1961.

In quoting the statutory definition of "user" as it applies
to user-importers - the ruling underscored "or operated" in the
phrase "motor vehicles owned or operated. . ."

We quote the following excerpt from the ruling:

"Therefore, a person who actually imports the special fuels in motor vehicles operated exclusively by himself, or by his employee drivers, becomes the 'user' of the fuel, as user is defined; and is required by Article 10.03(5), above cited, to report and pay the tax on each gallon of special fuels so imported and used or consumed in the operation of such motor vehicles upon the Texas Highways, and regardless of whether such motor vehicles are owned by him or are leased from another person.

"The fact that a lessor of motor vehicles enters into a private contract or agreement with the lessee to pay for or furnish the special fuels used in the operation of the leased motor vehicles, or to reimburse said lessee for the cost of such fuel, would not change or alter the status of the lessee as the statutory 'user' of the fuel consumed in the operation of said leased motor vehicles; nor could such agreement be construed as constituting or qualifying the lessor as the user of special fuels consumed in motor vehicles which said lessor does not operate or direct the course of operations in any manner.

"However, the Legislature obviously recognized that there are cases where a lessor contracts or agrees to lease to a lessee motor vehicles to be operated by the lessor, or by drivers furnished by the lessor, in which the lessor will purchase or furnish the special fuels used but will operate such leased motor vehicles entirely under the direction and control of the lessee, which would present a legal question as to whether the lessor operating his leased motor vehicles, or the lessee directing and controlling the course of operations, or both, would come within the statutory definition of a 'user'. The Legislature resolved the question by fixing the legal incidence of the tax liability and its payment to the State upon the lessee of such motor vehicles by the enactment of Article 10.07 which reads as follows:

". . ./̄Quoted, supra, at page 3_/

"The above article does not relieve a 'lessee' from securing the bonded user-import permit required to import and use special fuels in leased vehicles operated by him or under his direction and control, nor does it relieve him from liability for the tax imposed, or of the penalties or impoundment prescribed for operating without a permit. But if a 'lessor' acts as a user of special fuels imported in vehicles leased to a lessee by operating said vehicles for and under the direction of such lessee, he must make certain that said lessee is licensed as a user-importer to be relieved of liability for the tax.  The use tax is secured by a preferred lien upon each vehicle in which the taxable fuel is used - regardless of ownership of the vehicle.  Johnson-Burnham v. State 95 S.W.2d 144."

You have submitted three questions for our consideration. The first of which reads as follows:

"Where the owner and lessor of motor vehicles leased to and operated by interstate carriers will furnish and deliver into the fuel supply tanks of such motor vehicles most of the special fuels consumed therein from storage facilities of the lessor or from dealer-stations under contract to make such delivers for the account of the lessor, then, in such cases, may the lessor be construed to be the 'user' of such special fuels as the term 'user' is defined, and thereby be licensed as a user and user-importer liable for the tax due and authorized to file claims for refund when refunds are due?"

We have concluded that under the submitted facts the lessor is a "user" within the meaning of the Special Fuels Tax Law. Article 10.02(8) makes ownership as well as operation a criterion of a "user".  Article 10.07, after declaring that a tax liability on leased motor vehicles may attach to a lessee user under a contract, expressly states that this provision of the statute is not to be construed as relieving any lessor or person acting as a user from the payment of the tax imposed in cases where the lessee is not qualified as a licensed and bonded user. Under the facts stated to us, the lessee is not qualified as a licensed and bonded user.  Therefore, necessarily the burden of reporting and paying the tax must fall upon the lessor who is also entitled to make applications for refunds if any.

Article 10.03(5) contains the following provision:

"Every user shall report and pay to this State the tax, at the rate imposed, on each gallon of special fuels delivered by him into the fuel supply tanks of motor vehicles unless said tax has been paid to a licensed supplier."

The lessor in the instant case delivers most of the special fuels involved into the leased vehicles from its own storage facilities. In this instances the tax has been paid to the supplier. When delivery is not so made the lessor controls and directs the supply of fuel by written agreements with retail suppliers, both within and without the state, and pays the taxes due. With regard to special fuels imported into this state, Article 10.03(5) designates ownership or, in the alternative, operation as a criterion of taxability.

As you have pointed out, Article 10.03(1) imposes a tax upon the use of special fuels for the propulsion of motor vehicles upon the public highways of this State. We think that the lessor in the case under consideration is, in fact, engaged in a business which in large part, is dependent upon and directly connected with the use of special fuels for the propulsion of motor vehicles upon the public highways of this State. We think that said fuels, which are owned by the lessor, are used by him in his business for the taxable purpose of propelling motor vehicles upon the highways of this State ragardless of the fact that a third person, the lessee, furnishes the drivers of said vehicles and has no interest in the operation of the lessor's business.

Since we have determined that the lessor is a "user" within the meaning of the Special Fuels Tax Law, he may file claim for refunds under the provision of Article 10.14 in those instances in which the special fuels have been used for propelling the motor vehicles upon public highways other than those of this State. The exhibits you have furnished us show that claims for such refunds are based upon trip reports, state line crossing reports, delivery receipts for fuel received from lessor or his appointed agent or similar documents or declarations. One of the forms furnished us constitutes a recap of miles traveled and gallons of fuel purchased, by state, for each truck by month.

Since we have concluded that the lessor is a "user" within the meaning of the Special Fuels Tax Law, he may be licensed as a non-bonded user and accorded a bonded user import permit.  We do not reach your second two questions which were predicated upon a negative answer to your first one.

## S U M M A R Y

Under stated facts, a lessor of motor vehicles propelled with special fuels is a "user" within the meaning of the Special Fuels Tax Law and may be licensed as a non-bonded user and bonded user-importer even though the leased motor vehicles are operated entirely by the lessee or his drivers. The lessor in question is liable for all special fuels taxes and is authorized to file claim for refunds when refunds are due.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Marietta McGregor Payne
Marietta McGregor Payne
Assistant Attorney General

MMcGP:sjl

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Arthur Sandlin
Cecil C. Rotsch
Roy Johnson
Robert Lemens

APPROVED FOR THE ATTORNEY GENERAL
By:  Roger Tyler